# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

    -vs-                                             **Case No. 06-CR-155**

**MICHAEL J. RIO,**

        Defendant.

## VERDICT AND ORDER

Count Two of the above-captioned case was tried to the Court on a set of stipulated facts. (*See* Attachment A.) The defendant, Michael Rio ("Rio") had earlier plead guilty to count one.

## FACTS AND LAW

On March 23, 2007, Rio entered a guilty plea to count one of the superseding indictment and was found guilty of traveling in interstate commerce to engage in a sexual act with a minor.

The parties waived the right to a jury trial on count two. The Court was left to make a determination as to the guilt of the defendant.

<u>Count two reads as follows:</u>

From on or about May 13, 2006, to on or about May 15, 2006, in Illinois, and within the Eastern District of Wisconsin, and elsewhere,

## MICHAEL J. RIO

used a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice and coerce a minor to engage in sexual activity, for which any person can be charged with a criminal offense, namely, under Wisconsin Statute 948.02(2).

All in violation of Title 18, United States Code, Section 2422(b).

Title 18, United States Code, Section 2422(b) provides, in pertinent part, that whoever, using any facility or means of interstate or foreign commerce, knowingly persuades, induces entices, or coerces any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be guilty of an offense against the United States.

### Elements of Title 18 U.S.C. § 2422(b)

In order for the defendant to be found guilty of count two of the superseding indictment, the charge of enticement and coercion, the United States must prove each of the following elements beyond a reasonable doubt:

> First: that the defendant used a facility or means of interstate commerce, that is the telephone or the Internet;
>
> Second: that the defendant used the telephone or the Internet to knowingly attempt to persuade or induce or entice or coerce a person who the defendant believed to be under eighteen years of age, to engage in sexual activity; and
>
> Third: that the sexual activity was in violation of a State of Wisconsin law.
>
> *See* Stipulation ¶ 26.

Rio has stipulated that the government has satisfied the first element of this offense. *See* Stipulation ¶¶ 27, 28, 30, 31. In addition, the third element of the offense has been met. Rio stipulated that the sexual activity would have violated Wisconsin Statute 948.02(2). *See* Stipulation ¶ 33.

Rio's only challenge to the sufficiency of the government's evidence is to the second element of this offense: that the defendant used the telephone or the Internet to knowingly attempt to persuade or induce or entice or coerce a person whom the defendant believed to be under eighteen years of age to engage in sexual activity. Specifically, did the conversations Rio had with the undercover officer posing as a 15 year old female establish beyond a reasonable doubt that he knowingly attempted to persuade or induce or entice or coerce "Maria" to engage in sexual activity.

The Seventh Circuit Federal Criminal Jury Instruction 4.07 defines an "attempt" as follows: "To 'attempt' means that the defendant knowingly took a substantial step toward the commission of the offense with the intent to commit that offense." Rio argues that his conduct as reflected in the chats and telephone conversations in evidence does not constitute an attempt to persuade, induce, entice, or coerce the "minor," as those terms are commonly understood. Rio asks the Court to apply the definition as outlined in *U.S. v. Thomas*, 410 F.3d 1235 (C.A. 10, 2005). Those definitions are outlined as follows.

> "**Entice**" is defined as beguiling by arousing hope or desire. A synonym of entice is lure.
>
> "**Induce**" is defined as leading or moving by persuasion or influence. A synonym of induce is to prevail upon.

-3-

> "**Persuade**" is defined as causing someone to do something by means of entreaty, argument, or reasoning. A synonym of persuade is convince.

Even applying these definitions to the facts of this case, it is beyond reasonable doubt that, given the content of the conversation, Rio "knowingly" made an attempt to persuade, induce, entice or coerce a minor to engage in prohibited sexual conduct. Rio initiated the conversations concerning sexual activity. He offered to take "Maria" to Victoria's Secret to purchase clothing, including a thong and a bra. This offer to purchase expensive undergarments for "Maria" occurred after "Maria" told the defendant she only shopped at Kohl's because they did not have a lot of money. The defendant also promised to pay for minutes on her Trak telephone so they could continue to communicate. The defendant asked repeatedly if "Maria" would model the undergarments that he purchased for her from Victoria's Secret. Rio asked "Maria" if she would dance for him in the bra and thong, and if he could touch the front and back of the thong. In a later conversation, the defendant asked "Maria" if she would perform oral sex on him and if he could do the same to her.

In addition, all of the steps Rio took can only be categorized as "substantial." While the conversations are sufficient to meet this standard, Rio took additional steps. After being told by "Maria" that she would allow him to touch her thong and engage in oral sex, the defendant made plans to meet her at South 20th Street and Layton Avenue in the City of Milwaukee, Wisconsin. These additional efforts reinforce the conclusion that he took

-4-

substantial steps toward the commission of this offense. The Court finds beyond a reasonable doubt that Rio is guilty of violating count two of the superceding indictment.

Based on the Court's finding, the case will be scheduled for sentencing upon the return of presentence report. Counsel is instructed to call the deputy clerk for scheduling purposes.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**